IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| SCOTTIE RAY EDGEWORTH, | ) | Civil Action No. 4:11-2788-TLW |
| | ) | Criminal No. 4:07-208-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court for consideration of the *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Scottie Ray Edgeworth. ("Petitioner" or "Defendant"). On February 28, 2007, a federal grand jury returned a multi-count Indictment charging Petitioner with drug offenses in violation of 21 U.S.C. § 846 and 841(a)(1). (Doc. # 2). On June 6, 2007, the United States of America ("Government") filed an Information pursuant to 21 U.S.C. § 851 notifying Petitioner that he was subject to a mandatory sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A) based upon his prior South Carolina convictions for possession of cocaine and crack cocaine. (Doc. # 188). On July 9, 2007, Petitioner pled guilty to Count 1 of the Indictment, Conspiracy to Distribute 50 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. § 841 and 846. (Doc. # 208). On March 26, 2008, at Petitioner's sentencing hearing, the Government withdrew all but one of the potential § 851 enhancements and Petitioner was sentenced to a term of imprisonment of 240 months. (Docs. # 289 and # 323). Petitioner filed a notice of appeal on March 26, 2008. (Doc. # 290). The Fourth Circuit's judgment, affirming the action below, was

entered on June 11, 2009 (Doc. # 402). Petitioner did not file a petition for rehearing or writ of certiorari.[1]

On October 13, 2011, Petitioner filed the present action raising one ground of relief. (Doc. # 468). Petitioner contends that he is serving an illegally enhanced sentence because neither of his prior South Carolina drug convictions qualify as predicate offenses properly used for § 851 enhancement purposes. (Doc. # 468).

On December 13, 2011, the Government filed its response and moved to dismiss Petitioner's claim, arguing that Petitioner's application is time-barred as well as lacking substantive merit. (Doc. # 479). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed December 29, 2011 that he had thirty-four (34) days to file material in opposition to the Government's motion. (Doc. # 480). Petitioner has filed no response in opposition. The matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the Court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. Generally, "28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

---

[1] On September 17, 2010, the Government moved to reduce Petitioner's sentence in light of cooperation and assistance. (Doc. # 446). That motion was granted and the Court issued an amended judgment decreasing Petitioner's term of imprisonment to 144 months. (Doc. # 450).

such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error, and that '"[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" 334 Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a

plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See also Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

## **DISCUSSION**

The Government contends that Petitioner's § 2255 application is time-barred insofar as it was filed more than one year after Petitioner's conviction became final. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitation within which a petitioner must bring any federal habeas corpus petition. 28 U.S.C. § 2255. According to the statute, the limitation period shall run to the last of:

1. The date on which the judgment of conviction becomes final;
2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
4. The date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f) (1)-(4).

Where there is no direct appeal, the judgment of conviction becomes final when the fourteen day notice of appeal period expires. See Sherill v. United States, 2006 WL 462092 *1 (W.D.N.C. Feb. 23, 2006); see also Fed. R. App. P. 4(b)(1)(A) (effective December 1, 2009, criminal defendants now have fourteen (14) days to notice an appeal). Where there is a direct appeal, the judgment of conviction becomes final when the time for filing a writ of certiorari challenging the appellate court's affirmation of the conviction (or for filing a petition for rehearing) expires. See Clay v. United States, 537 U.S. 522, 525 (2003).

Here the Fourth Circuit's judgment affirming Petitioner's conviction was entered on June 11, 2009 (Doc. # 402). Petition neither filed for rehearing nor for certiorari and therefore his conviction became final ninety (90) days later, on or about September 9, 2009. Petitioner's one year limitation period to file under § 2255 expired one year later, on or about September 9, 2010. As noted, Petitioner filed this § 2255 action on October 13, 2011. (Doc. # 468). That is over one year after expiration of the limitation period.

In his Memorandum, Petitioner attempts to justify the lateness of his filing by reference to the Fourth Circuit's recent opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). (Doc. # 468). However, as the Government notes in its brief, Petitioner's reliance on this case is misplaced, as Simmons concerned the unique sentencing regime in North Carolina's state court system and a particular North Carolina marijuana offense the violation of which does not necessarily subject the offender to the possibility of a one year term of incarceration. Here it is undisputed that Petitioner's prior South Carolina convictions are for possession of cocaine and crack cocaine, crimes that carry with them a maximum sentence of imprisonment of greater than one year. S.C. Code Ann. §§ 44-53-370(c) and (d), and 44-53-375(A). Petitioner cannot therefore convincingly maintain that the Simmons case recognized a new right relevant to his

claim that would somehow extend the window for filing a § 2255 action beyond the presumptive one year limitation period. [2]

Nor does this Court's review of the record reveal any other viable grounds supporting an equitable tolling of the applicable one-year limitation period. The Fourth Circuit recognizes that the statute of limitations governing § 2255 petitions is subject to a doctrine of equitable tolling that allows a federal court to forego a strict application of the limitations period in the interests of equity. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000); see also Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). However, this doctrine does "not extend to garden variety claims of excusable neglect." Rouse, 339 F.3d at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, a petitioner may invoke relief under the doctrine in two generally distinct situations. Harris, 209 F.3d at 330. The petitioner must show either: (1) that the Government engaged in some form of wrongful conduct that prevented him from filing his motion; or (2) that "extraordinary circumstances" beyond his control made it impossible to file his motion on time. See id. In general, the doctrine is reserved for "rare instances where . . . it would be unconscionable to enforce the limitation against the party and gross injustice would result." Id.

Here the Petitioner has cited no grounds capable of justifying equitable tolling in this case. The Court therefore concludes that the presumptive one-year statute of limitations governing § 2255 petitions should apply to and does bar this action.

---

[2] A review of prior case law concerning the particular South Carolina drug offenses for which Petitioner was convicted and based upon which his federal sentence was enhanced likewise reveals that apart from being time-barred Petitioner's claim lacks substantive merit. See, e.g. Burgess v. United States, 553 U.S. 124, 126 (2008) (holding that a South Carolina conviction for possession of cocaine is a conviction for a "felony drug offense" under 21 U.S.C. §§ 841 (b)(1)(A) and 851 and therefore appropriately used for sentence enhancement purposes).

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 468) and the Government's motion to dismiss is **GRANTED**. (Doc. # 479).

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

March 23, 2012                  s/Terry L. Wooten
Florence, South Carolina            United States District Judge